**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 24-11045

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

HIAWATHA LAQUINTA SCOTT, III,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:23-cr-00044-MW-MAF-1

————————————

Before LUCK, LAGOA, and WILSON, Circuit Judges.

PER CURIAM:

Because of his prior convictions, Hiawatha Scott, III's 300-month prison sentence included a fifteen-year mandatory minimum under the Armed Career Criminal Act and a twenty-five-year

mandatory minimum under 21 U.S.C. section 841.  Scott appeals his sentence because the district court, rather than a jury, found that his prior convictions were committed on separate occasions, in violation of *Erlinger v. United States*, 602 U.S. 821 (2024).  But because, as part of his guilty plea, Scott freely admitted that his prior convictions were committed on separate occasions, there was no *Erlinger* error.  We affirm his sentence.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Scott was indicted on two counts of possession of a firearm by a convicted felon (counts one and four), two counts of distribution of five grams or more of methamphetamine (counts two and five), two counts of distribution of fifty grams or more of methamphetamine (counts three and six), and possession with intent to distribute fifty grams or more of methamphetamine (count 7).  The indictment listed as "[e]nhanceable [p]rior [c]onvictions" felony battery, twice selling cocaine within 1,000 feet of a place of worship, and attempted first degree murder.  The prior convictions, the indictment alleged, were "committed on occasions different from one another."

### Scott's Guilty Plea

Scott pleaded guilty to the indictment.  In his statement of facts, Scott agreed that he had "prior convictions" for felony battery, twice selling cocaine within 1,000 feet of a place of worship, and attempted first degree murder.  These convictions, he admitted, "occurred on separate occasions from each other."

24-11045                Opinion of the Court                3

During the plea colloquy, the district court confirmed that Scott had read and understood his statement of facts:

The court:  The plea agreement, the supplement to the plea agreement, and the statement of facts, did you read all three of those documents line by line, word for word?

Scott:      Yes, sir.

The court:  Did you go over them with your lawyer . . . ?

Scott:      Yes, sir.

The court:  Did she answer any and all questions you had regarding those documents?

Scott:      Yes, sir.

The court:  Do you have any questions for either [your attorney] or myself regarding those documents at this time?

Scott:      No, sir."

And the district court confirmed that Scott agreed with everything in the statement of facts:

The court:  You signed off on the statement of facts. By signing off on the statement of facts, are you agreeing the government could prove those facts beyond a reasonable doubt if you went to trial?

Scott:      Yes, sir.

The district court then accepted the guilty plea, explaining that it found "the facts the government [wa]s prepared to prove have been admitted by [Scott] here in open court, and [he] further admitted those facts by signing off on the statement of facts."

### *Scott's Sentencing*

Following the guilty plea, the probation office prepared a presentence report. The report explained that, based on his prior convictions, Scott was subject to a fifteen-year mandatory minimum sentence under the Armed Career Criminal Act. And he qualified for a twenty-five-year mandatory minimum sentence under 21 U.S.C. section 841.

The report described four of Scott's prior convictions. On November 10, 2000, Scott committed a felony battery when he "forcibly abducted and battered" his then-girlfriend and struck her friend. Twice, on May 2, 2001, Scott "delivered cocaine." First, to one individual and then later that day "to different individuals." And, on July 30, 2001, Scott "intentionally, from a premeditated design attempted to effect the death of Jarrell Luther with a handgun."

Scott objected to the enhancement under the Act, arguing his selling cocaine and attempted murder convictions occurred on the same occasion. The district court overruled Scott's objection and sentenced him based on the mandatory minimum enhancements in the Act and section 841 to 300 months imprisonment.

24-11045                 Opinion of the Court                 5

## STANDARD OF REVIEW

We review constitutional errors de novo. *United States v. Harris*, 741 F.3d 1245, 1248 (11th Cir. 2014).

## DISCUSSION

Typically, when a defendant is convicted of possessing a firearm as a felon, the maximum sentence is fifteen years of prison time. *See* 18 U.S.C. § 924(a)(8). But the fifteen-year maximum becomes a mandatory-minimum sentence if the defendant has three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." *Id.* § 924(e)(1).

Similarly, distributing or possessing with the intent to distribute fifty grams or more of methamphetamine normally comes with a ten-year mandatory minimum sentence. 21 U.S.C. § 841(b)(1)(A)(viii). But if a defendant has two "or more prior convictions for a serious drug felony or serious violent felony," the mandatory minimum pops up to twenty-five years. *Id.* Under section 841, "prior convictions [that] resulted from acts forming a single criminal episode . . . should be treated as a single conviction." *United States v. Rice*, 43 F.3d 601, 603 n.1, 605 (11th Cir. 1995).

In *Erlinger*, the Supreme Court held that offenses committed on separate occasions, which "'increases the prescribed range of penalties to which a criminal defendant is exposed[,]' must be resolved by a unanimous jury beyond a reasonable doubt" or "freely admitted in a guilty plea." 602 U.S. at 834 (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)). Relying on *Erlinger*, Scott contends

6                    Opinion of the Court                    24-11045

that, before the district court could impose the mandatory minimum sentences, a jury finding was required to establish that his prior convictions were committed on separate occasions.[1]  But because Scott "freely admitted in his guilty plea" that his prior convictions were committed on separate occasions, we conclude there was no *Erlinger* error.  *See id.*

"A plea of guilty and the ensuing conviction comprehend *all of the factual and legal elements* necessary to sustain a binding, final judgment of guilt and a lawful sentence."  *United States v. Broce*, 488 U.S. 563, 569 (1989) (emphasis added).  Thus, "a valid guilty plea 'forgoes not only a fair trial, but also other accompanying constitutional guarantees.'"  *Class v. United States*, 583 U.S. 174, 182 (2018) (quoting *United States v. Ruiz*, 536 U.S. 622, 628–29 (2002)).

Here, Scott "freely admitted in a guilty plea" that he had the requisite number of qualifying convictions for both enhancements.  *Erlinger*, 602 U.S. at 834.  He pleaded guilty to an indictment that alleged he "had at least three previous convictions for a violent felony, a serious drug offense, or both *committed on occasions different from one another.*" (emphasis added).  The indictment listed the

---

[1] *Erlinger* only discussed the "separate occasions" requirement in the Armed Career Criminal Act.  Section 841's text does not include a "separate occasions" requirement.  But *Rice* read one in—or something like it.  For the sake of argument, we assume that *Erlinger* would apply to our judicially imposed "separate occasions" requirement in section 841.  We make that assumption because, even if *Erlinger* applied to the section 841 enhancement, the outcome would be the same here.

24-11045                Opinion of the Court                7

cocaine sales, the attempted murder, and the felony battery as "[e]nhanceable [p]rior [c]onvictions."

In his statement of facts, Scott admitted that he had been convicted of felony battery, selling cocaine, and the attempted murder.  And he agreed that "[t]he convictions . . . occurred on separate occasions from each other.

During his plea colloquy, Scott confirmed that his prior convictions were part of "the facts the government [wa]s prepared to prove," he agreed "the government could prove those facts beyond a reasonable doubt," and he "admitted" to them "in open court" and "by signing off on the statement of facts."  Because Scott "freely admitted in a guilty plea" that he committed his prior convictions on separate occasions, no jury finding was required under *Erlinger.*

Scott tries to get around this conclusion by arguing that he only admitted that his convictions were separate—not his offenses.  But this argument fails.  Scott's guilty plea accepted the allegations in the indictment, which included that his prior convictions were "*committed* on occasions different from one another."  Because Scott admitted as part of his plea that his prior convictions were *committed* on occasions different from one another, the district court did not err in imposing the mandatory minimum sentences.

**AFFIRMED.**